Citation Nr: 1305226 
Decision Date: 02/13/13 Archive Date: 02/21/13

DOCKET NO. 09-24 457 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUE

Entitlement to service connection for bilateral peripheral neuropathy of the lower extremities, to include as secondary to herbicide exposure.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

D. Cherry, Counsel



INTRODUCTION

The Veteran served on active duty from June 1966 to June 1969 with service in the Republic of Vietnam. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In his January 2009 notice of disagreement, the Veteran reported that he had had peripheral neuropathy since active service. Notwithstanding the law and regulations pertaining to presumptive service connection for disorders related to herbicide exposure, a veteran-claimant is not precluded from establishing service connection for a disease that is subject to presumptive service connection with proof of actual direct causation. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). Given the Veteran's contention that symptoms of his neuropathy began while he was still in the military, the Board finds that a VA examination is warranted to clarify the nature and etiology of his claimed disability.

The Veteran was last asked to identify treatment for his peripheral neuropathy in November 2007. While this case is in remand status, the AMC should ask the appellant to identify all subsequent treatment he received for his peripheral neuropathy.

Accordingly, the case is REMANDED for the following actions:

1. The AMC should ask the Veteran to identify all treatment for his peripheral neuropathy. The AMC should attempt to obtain all identified records. Any obtained records must be associated with the Veteran's claims file. 

2. Thereafter, the Veteran must be afforded a VA examination to determine the nature and extent of his bilateral peripheral neuropathy. The claims folder is to be made available to the examiner to review. The examiner is to presume that the appellant was exposed to herbicides during his service in Vietnam. The examiner should opine whether it is at least as likely as not (i.e., 50 percent or greater degree of probability) that peripheral neuropathy in either lower extremity began in active service, was manifested within one year of active service, or is otherwise related to active service, to include herbicide exposure therein. A complete rationale for any opinion offered must be provided.

3. The Veteran is to be notified that it is his responsibility to report for the scheduled examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2012). 

4. After the development requested, the AMC should review the examination report to ensure that they are in complete compliance with the directives of this REMAND. If any report is deficient in any manner, the AMC must implement corrective procedures at once.

5. Thereafter, the AMC must readjudicate the issue on appeal. If any benefit is not granted, the appellant must be furnished with a supplemental statement of the case, with a copy to his representative, and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).